IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**LINDA SUE MORGAN,**

       **Plaintiff,**

  vs.                                             Civil Action 2:08-CV-1108
                                                      Judge Holschuh
                                                      Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

       **Defendant.**


## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. This matter is now before the Court on *Plaintiff's Statement of Errors,* the Commissioner's *Memorandum in Opposition* and *Plaintiff's Reply*.

Plaintiff Linda C. Morgan filed her application for benefits in January 2006, initially alleging that she has been disabled since September 6, 2005. She later revised her alleged onset date to August 28, 2001, *i.e.,* the date on which she was involved in a motor vehicle accident. *A.R.* 37, 397. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

On April 25, 2007, plaintiff, represented by counsel, appeared and testified at the administrative hearing, as did a medical expert and vocational expert. In a decision dated May 14, 2007, the administrative law judge found that plaintiff had not demonstrated that she does not

continue to be engaged in gainful activity in light of her earnings record, which reflects earnings ranging from approximately $20,000 to more than $24,000 for the years 2002 through 2006. Accordingly, the administrative law judge concluded that, regardless of plaintiff's medical condition, she is not entitled to a period of disability or disability insurance benefits. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 26, 2008.

Plaintiff contends that the finding of the administrative law judge that plaintiff has engaged in substantial gainful activity is not supported by substantial evidence.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter

differently, *Tyra v. Sec'y of Health & Human Servs.,* 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff indicated in her February 2006 work history report, *A.R.* 49-56, made in conjunction with her initial application for benefits, that she and her husband owned and operated a floral shop from which plaintiff received a salary. *A.R.* 56. From November 1978 through September 6, 2005, she performed office work, including filing, bank reconciliations, FTD and Teleflora reconciliations for the business. *A.R.* 49. Plaintiff also indicated that she worked 3 hours per day, 6 days per week. *A.R.* 50.

In a January 2007 disability report, *A.R.* 68-76, plaintiff described her work for the business as taking care of accounts, general office work, performing bank reconciliations and making some floral arrangements. *A.R.* 82. She continued to work after her August 2001 automobile accident, using her home computer which was "linked to the business computer so I could work from home." *A.R.* 69. However, she did not work after September 6, 2005: "[T]he business was run by my husband and after he filed for divorce, he didn't want me on the property." *Id*.

At the administrative hearing, plaintiff again testified that she last worked on September 6, 2005. *A.R.* 298. Prior to that time, she did not work full time after her automobile accident in August 2001, but spent "[m]aybe an hour" working on paperwork from home. *Id.*

At the administrative hearing, plaintiff also expressed some confusion and uncertainty as to her ownership interest in the floral business. The corporation had "lost the corporate status," *A.R.* 401, and

3

her estranged husband advised her that the business was thereafter his sole proprietorship. She explained her earnings as "his alimony. That's the way he has chosen to do it." *Id.*

At step one of the sequential evaluation of disability, a claimant has the burden of establishing that she is not engaged in substantial gainful activity. 20 C.F.R. §404.1520(b); *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). Substantial work activity involves the performance of significant physical and mental activities; gainful work is the sort of activity usually performed for pay or profit regardless of whether or not profit is in fact realized. 20 C.F.R. §1572(a), (b).

Earnings above certain amounts give rise to a rebuttable presumption that an individual is engaged in substantial gainful activity. 20 C.F.R. §1404.1574(b)(2), Table 1. Plaintiff concedes that her reported earnings for the years 2002 through 2006, which range from approximately $20,000 to more than $24,000, exceed the amounts that would give rise to a rebuttable presumption of substantial gainful activity. *Plaintiff's Reply,* at 2. She disagrees, however, with the finding of the administrative law judge that she has not rebutted the presumption that her earnings reflect substantial gainful activity.

The administrative law judge found that plaintiff was a co-owner of the floral business. *A.R.* 19. That finding is supported by substantial evidence in the form of plaintiff's own statements in the record. *See A.R.* 78, *A.R.* 56. A self-employed person is considered to have engaged in substantial gainful activity if, *inter alia*, the claimant renders significant services to the operation of the business and receives a substantial income from the business. 20 C.F.R. §§404.1575(a)(1),(2)(i). The administrative law judge went on to find

4

that plaintiff's bookkeeping and financial duties constituted management services to the business, on which she spent more than 45 hours per month. *A.R.* 20. Notwithstanding other, inconsistent, evidence,[1] plaintiff's own statement, in which she indicated that she worked 3 hours per day, 6 days per week, *A.R.* 50, constitutes substantial evidence supporting the administrative law judge's finding that plaintiff worked more than 45 hours per month. Moreover, plaintiff's own description of her activities for the business can reasonably be perceived as significant management services for the business.

However, there is simply no evidence that plaintiff performed any work for the business after September 6, 2005, *i.e.,* the date on which her husband directed her to cease performing any work for the business. Plaintiff has consistently so indicated throughout the entire course of these proceedings, and there is no evidence to the contrary. The administrative law judge addressed the period after September 6, 2005 as follows: "Even though the claimant alleges that she performed no services for the business after 2005, her wages in 2006 were actually more than they had been in any year after her 2001 accident. This discrepancy has not been explained by the claimant." *A.R.* 19. To the contrary, plaintiff did explain the discrepancy: "[H]e still pays me my salary. That's his alimony. That's the way he has chosen to do it." *A.R.* 401.

This Court concludes that the finding of the administrative law judge that plaintiff engaged in substantial gainful activity after

---

[1] The administrative law judge referred to a letter from plaintiff's estranged husband indicating that, after plaintiff's August 2001 automobile accident, she worked only 30 minutes a day, 3 days a week. *A.R.* 18-19. *See also A.R.* 398. However, the record does not include such a letter.

September 6, 2005, is not supported by substantial evidence in the record. The Court therefore concludes that the matter must be remanded for the consideration of the remainder of the sequential evaluation of disability for the period after September 6, 2005.[2]

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that the matter be **REMANDED** to the Commissioner for further consideration of plaintiff's application for the period after September 6, 2005.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The Commissioner argues that "[t]he fact that plaintiff stopped working because her husband was seeking a divorce does not equate with being unable to work due to a disability." *Memorandum in Opposition,* at 11. While that statement is certainly true, a finding that plaintiff did not engage in substantial gainful activity after that date requires that the Commissioner proceed with the sequential evaluation of disability.

January 20, 2010                    s/Norah McCann King
                                   Norah McCann King
                              United States Magistrate Judge